UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : Court No. 09-00505 <br> AEGIS SECURITY INSURANCE CO., : <br> : <br> Defendant. : <br> : | |

## COMPLAINT

Pursuant to the rules of this Court, the United States of America, plaintiff, alleges as follows:

1. This action is brought by the United States of America, on behalf of the Department of Homeland Security and the U.S. Customs and Border Protection (hereafter "CBP" or "Customs"), to recover unpaid duties and pre-judgment interest in the amount of $44,318.77 plus pre- and post-judgment interest.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1582(2).

3. Aegis Security Insurance Co. ("Aegis"), a Pennsylvania Corporation, is currently located at 2407 Park Dr., Suite 200, Harrisburg, Pennsylvania, 17110-9303.

4. Surety bond claims against defendant Aegis are currently being administered by Avalon Risk Management, Inc., 150 Northwest Point Blvd., 4th Fl., Elk Grove Village, Illinois 60007.

5. Plaintiff's seeks to collect unpaid duties and interest on a $50,000.00 continuous bond executed by Aegis.

6. On or about July 24, 2002, Aegis entered into a continuous Customs bond with Mostly Memories, Inc. ("Mostly Memories") in the amount of $50,000.00 pursuant to 19 C.F.R.

Part 113 (hereafter the "Aegis Bond"). The effective date of the Aegis Bond was August 1, 2002. Customs assigned the Aegis Bond No. 502015334. A copy of the Aegis Bond is attached as Exhibit A.

7. Under the terms of the Aegis Bond, Aegis and Mostly Memories jointly and severally promised to comply with all Customs laws and regulations, and pay, as demanded by Customs, all duties, taxes, and charges found due, legally fixed, and imposed on any entry secured by the Aegis Bond.

8. On February 18, 2003, Mostly Memories made one entry (the "Subject Entry") of petroleum wax candles from China (the "Subject Merchandise") through the Port of Los Angeles. The entry number for the Subject Entry was No. 11036675037. The Subject Entry was secured by the Aegis Bond. A copy of the Subject Entry is attached as Exhibit B.

9. As set forth in the Subject Entry papers, the Subject Merchandise was manufactured by China World Best Group Co., Ltd. ("China World Best"), which has a manufacturer's I.D. of CNCHIWOR78DEY.

10. At the time of entry, the Subject Merchandise was subject to U.S. Department of Commerce ("Commerce") anti-dumping duty order A-570-504-00, Petroleum Wax Candles From the People's Republic of China (the "Order"). See 51 FR 30686, August 28, 1986. Mostly Memories, however, did not deposit the estimated anti-dumping duties at the time of entry.

11. On or about August 1, 2003, Commerce published a Notice of Opportunity to Request an Administrative Review of the Order on petroleum wax candles for the annual review period that was applicable to the Subject Entry – August 1, 2002 and July 31, 2003. See, 68 FR 45218, August 1, 2003.

12.     On or about September 30, 2003, Commerce published a <u>Notice of Initiation of Anti-Dumping Administrative Review</u> for the Order on petroleum wax candles for the annual review period of August 1, 2002 and July 31, 2003.  <u>See</u>, 68 FR 56262, September 30, 2003.  Neither Mostly Memories nor its manufacturer, China World Best, was among the firms that requested an administrative review of the Order for the relevant annual review period.  <u>Id.</u>

13.     Because neither Mostly Memories nor China World Best requested an administrative review of the Order, Commerce instructed CBP to liquidate the Subject Entry.  <u>See</u> Message No. 3289206, a copy of which is attached as Exhibit C.

14.     Commerce further instructed CBP that the rate to be charged Mostly Memories was the cash deposit required at the time of entry.  <u>See</u> Message No. 3289206, a copy of which is attached as Exhibit C.  At the time of entry the cash deposit rate for the Subject Entry was 54.21%.  <u>See</u> 66 FR 14545, March 13, 2001.

15.     The Subject Entry was timely liquidated by CBP on December 5, 2003.

16.     Upon liquidation, the total amount of duty owed for the Subject Entry was $35,881.54.

17.     On or about April 5, 2004, CBP sent a demand letter to Mostly Memories, demanding payment for the amount due on the Subject Entry.  A copy of the April 5, 2004 demand letter is attached as Exhibit D.

18.     CBP's Automated Commercial System ("ACS") records show that on or about May 18, 2004 a protest was filed with CBP concerning the Subject Entry.  CBP's ACS records further show that CBP denied the protest on or about September 3, 2004.

19.     To date, neither Mostly Memories nor Aegis has filed an action in the Court of International Trade challenging CBP's denial of the protest.

20. On or about March 23, 2005, CBP sent a demand letter to Aegis, demanding payment for the amount due on the Subject Entry. A copy of the March 23, 2005 demand letter is attached as Exhibit E.

21. On or about June 16, 2005, CBP's Office of Assistant Chief Counsel, Indianapolis sent a demand letter to Aegis, demanding payment for the amount due on the Subject Entry. A copy of the June 16, 2005 demand letter is attached as Exhibit F.

22. On or about September 12, 2008, CBP's Office of Assistant Chief Counsel, Indianapolis sent a further demand letter to Aegis, demanding payment for the amount due on the Subject Entry. A copy of the September 12, 2008 demand letter is attached as Exhibit G.

23. To date, neither Aegis nor Mostly Memories has made any payments pursuant to its obligations under the terms of the Aegis Bond with respect to the amount due on the Subject Entry.

24. Plaintiff is informed and believes that Mostly Memories was dissolved in 2007 and is no longer a viable corporation.

25. To date, the total amount due on the Subject Entry, including unpaid duties and accrued interest pursuant to 19 U.S.C. § 1505(d), is $44,318.77.

WHEREFORE, the United States of America respectfully requests that this Court enter a judgment against Aegis in the amount of $44,318.77, plus further accrued interest pursuant to 19 U.S.C. § 1505(d), to the limit of the Aegis Bond, and for pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          TONY WEST
          Assistant Attorney General

By:       /s/
          BARBARA S. WILLIAMS
          Attorney in Charge
          International Trade Field Office

            /s/
          ALEXANDER VANDERWEIDE
          Civil Division, Dept. of Justice
          Commercial Litigation Branch
          26 Federal Plaza, Room 346
          New York, New York  10278
          Attorneys for Defendant
          Tel. No. (212) 264-0482

Dated: December 4, 2009